UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| CHRISTOPHER SEGUR, }<br>ON BEHALF OF HIMSELF AND }<br>ALL OTHERS SIMILIARLY SITUATED, }<br>     }<br>          Plaintiff,     }<br>     v          }<br>               }<br>FMS INC.,          }<br>               }<br>          Defendant.     } | Civil Action, File No.<br>2:16-cv-05831-SJF-AKT |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Christopher Segur [hereinafter "Segur"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, FMS Inc. ("FMS"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on FMS' regular transaction of business within this district. Venue in this district also is proper based on FMS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. FMS also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Segur is a natural person who resides at 11 Conifer Court, Northport, NY 11768.

6. Segur is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about June 5, 2015, FMS sent Segur the letter annexed as Exhibit A. Segur received and read Exhibit A. For the reasons set forth below, Segur's receipt and reading of Exhibit A deprived Segur of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, FMS sent Exhibit A to Segur in an attempt to collect a past due debt on behalf of Lending Club Corporation.

9. Upon information and belief including the debt allegedly being due to Lending Club Corporation and upon FMS, via Exhibit A, having attempted to collect this alleged past due debt from Segur in his individual capacity, the alleged past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. FMS is an Oklahoma domestic corporation located at 4915 South Union Avenue, Tulsa, OK 74107.

11. Based upon Exhibit A and upon FMS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of FMS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, FMS identifies itself as a "debt collector" attempting to collect an alleged

debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. FMS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

### FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Exhibit A set forth an alleged "Balance" of the alleged debt, an alleged "Amount Past Due" of the alleged debt, and an alleged "Total Due" of the alleged debt.

16. Upon information and belief, any "Balance", "Amount Past Due", or "Total Due" resulted from an agreement entered into between Segur and Lending Club Corporation.

17. Upon information and belief, the aforementioned agreement allows Lending Club Corporation and any assignee or successor-in-interest to charge Segur interest on any "Balance", "Amount Past Due", or "Total Due" and to charge Segur for fees and costs associated with the collection of any "Balance", "Amount Past Due", or "Total Due".

18. Upon information and belief, the aforementioned agreement provides that the rights regarding interest, fees, and costs set forth above are not waived by Lending Club Corporation and any assignee or successor-in-interest as a result of a failure at any point in time to charge Segur interest, fees, and/or costs.

19. Even in the absence of any aforementioned agreement, pursuant to CPLR 5001, Lending Club Corporation and any assignee or successor-in-interest had a legal right to obtain from Segur pre-judgment interest on any "Balance", "Amount Past Due", or "Total Due" from the date of Exhibit A in the event Segur never made a payment after his receipt of

Exhibit A, made one or more payments totaling less than the "Balance", "Amount Past Due", or "Total Due" set forth in Exhibit A, or Segur paid the "Balance", "Amount Past Due", or "Total Due" set forth in Exhibit A but the "Balance", "Amount Past Due", or "Total Due" set forth in Exhibit A had increased per the terms of the aforementioned agreement between the date of Exhibit A and the date FMS or Lending Club Corporation received Segur's payment of the "Balance", "Amount Past Due", or "Total Due" set forth in Exhibit A.

20. Exhibit A failed to notify Segur that the "Balance", "Amount Past Due", or "Total Due" set forth in Exhibit A may increase due to interest and fees. As a result of this failure, FMS violated 15 USC § 1692e by sending Exhibit A to Segur.

## SECOND CAUSE OF ACTION--CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

22. Exhibit A amounted to a false, deceptive or misleading means by FMS in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5), and 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

24. Exhibit A amounted to an unfair or unconscionable means by FMS to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

26. As a result of sending Exhibit A to Segur, FMS violated 15 USC 1692g.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

28. The classes consist of:

    I.   (a) all natural persons (b) who received a letter from FMS dated between June 5, 2015 and the present to collect an alleged past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

    II.  (a) all natural persons (b) who received a letter from FMS dated between June 5, 2015 and the present to collect an alleged past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

    III. (a) all natural persons (b) who received a letter from FMS dated between June 5, 2015 and the present to collect an alleged past due debt allegedly due to Lending Club Corporation, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt; and/or

    IV.    (a) all natural persons (b) who received a letter from FMS dated between June 5, 2015 and the present to collect an alleged past due debt allegedly due to Lending Club Corporation, (c) in a form materially identical or substantially similar to Exhibit A.

29. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

30. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

31. The predominant common question is whether Defendant's letters violate the FDCPA.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

33. A class action is the superior means of adjudicating this dispute.

34. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against FMS in favor of Plaintiff and the class members for statutory damages, actual damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:    December 9, 2016

/s/_____
Mitchell L. Pashkin, Esq.
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107